**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CINDY ROTH                                    *
                                              *
        v.                                    *                **Civil Case No. SAG-14-62**
                                              *
COMMISSIONER, SOCIAL SECURITY                 *
                                              *
                              *************

## MEMORANDUM

This case has been referred to me by consent of the parties. [ECF No. 7]. Currently pending is Plaintiff's Motion for an Attorney's Fee Under the Equal Access to Justice Act ("EAJA"). [ECF No. 24]. I have reviewed that motion and Plaintiff's memorandum in support thereof, Defendant's opposition, and Plaintiff's reply. [ECF Nos. 24, 25, 28]. For the reasons described below, Plaintiff's motion is granted in part and denied in part, and fees will be awarded in the amount of $4,750.00.

## I.      INTRODUCTION

Under the EAJA, a "prevailing party" in any civil action brought by or against the United States, "including proceedings for judicial review of agency action," is entitled to recover reasonable fees and expenses incurred in the proceeding. 28 U.S.C. § 2412(d)(1)(A). The prevailing party is not entitled to such fees and expenses, however, if the court finds that the position of the United States was "substantially justified." *Id.* In this case, the parties do not dispute that Plaintiff is a "prevailing party" entitled to attorney's fees under the EAJA because the position of the United States was not "substantially justified." The parties do dispute, however, both the reasonableness of the number of hours of work claimed by Plaintiff's counsel and the propriety of counsel's proposed hourly rate for calculating those fees. In her motion, Plaintiff claimed that her counsel was entitled to compensation for 53.08 hours of work at a rate of $248.00/hour. However, in light of the arguments raised by the Commissioner in her

opposition, Plaintiff amended her request to compensation for 47.6 hours of work at a rate of $190.95/hour.

## II.    REASONABLENESS OF HOURS REQUESTED

Because Plaintiff conceded that the 5.48 hours her counsel spent drafting her motion for attorney's fees were included in her request by mistake, remaining at issue are the reasonableness of (1) the 2.4 hours counsel spent considering whether to agree to a consent remand under sentence four, (2) the 1.51 hours counsel spent opposing the Commissioner's routine request for an extension of time, and (3) the 43.16 hours counsel spent preparing and drafting Plaintiff's motion for summary judgment,.

In the Fourth Circuit, except under rare circumstances not applicable in this case, a district court does not have the authority to direct an award of benefits in Social Security cases. *See Radford v. Colvin*, 734 F.3d 288, 294-96 (4th Cir. 2013).  Thus, the best possible outcome in Plaintiff's case was a sentence four remand under 28 U.S.C. § 405(g), and the Commissioner consented to that disposition.  Accordingly, I agree with the Commissioner that it was excessive for Plaintiff's counsel to spend 2.4 hours considering whether to consent.  I also find that it was excessive for Plaintiff's counsel to spend 1.51 hours opposing the Commissioner's first request for a 45 day extension of time, which is routinely, and almost uniformly, granted in Social Security cases in this Court.  I will thus award no time for those entries.

Further, after considering the circumstances of this case, I find that it was excessive for Plaintiff's counsel to spend 43.16 hours preparing and drafting Plaintiff's motion for summary judgment.  In support of her argument, Plaintiff contends that the time spent was reasonable in light of the record-intensive nature of the case and the unusual amount of medical research involved.  Pl. Mem. 5.  However, Plaintiff has failed to show why this case was more record-intensive or required more medical research than a typical Social Security case.  Indeed, the

record in this case was 412 pages long, [ECF No. 8], which is quite short in comparison with other Social Security appeals, which regularly involve records in excess of 700 pages. Plaintiff has also failed to establish that any of the legal or factual issues involved were unique or novel, particularly in light of Counsel's extensive expertise. Finally, Plaintiff cites to the eleven arguments raised in her motion for summary judgment, in support of the reasonableness of the hours her counsel expended. The number of issues raised in a case, however, is not equivalent to the number of meritorious issues in a case. The Court is wary of creating an incentive to include frivolous arguments by basing the reasonableness of time expended by an attorney on the number of arguments raised.

Moreover, in both her memorandum and her reply, Plaintiff drastically misrepresented the caselaw she cited in support of her proposition that it was reasonable for her counsel to expend 53.08 (or 47.6) hours in this case. Pl. Mem. 4-5, Pl. Reply 2. For example, Plaintiff cited *Martin v. Astrue*, No. 7:10-cv-1113, 2013 WL 316615, at *2 (E.D.N.Y. Jan. 28, 2013), a case from a district court within the Second Circuit, for the proposition that "[r]ecently, in the Third Circuit, the Commissioner did not oppose a motion for compensation for 90 hours in a Social Security case." Pl. Mem. 4, Pl. Reply 2. However, she omitted the fact that the court in *Martin* plainly stated that "[t]he standard fee for routine social security cases under the EAJA in the Second Circuit averages around twenty to forty hours." *Martin*, 2013 WL 316615, at *2. Although the court in *Martin* ultimately concluded that 90.5 hours of representation was reasonable in light of "the relatively complex factual issues presented in this case and two hearings," that representation included "time conducting research, drafting memoranda, reviewing court documents, and attending two hearings before the Commissioner." *Id.* The difference in the complexity of the issues involved, and the fact that counsel in *Martin* attended two hearings before the Commissioner, render *Martin* irrelevant to the inquiry of whether the

fees requested in this case are reasonable.  Plaintiff also cited *American Wrecking Corp. v. Secretary of Labor*, 364 F.3d 321 (D.C. Cir. 2004), for the proposition that the District of Columbia Circuit found 83 hours reasonable in a case of similar complexity.  Pl. Mem. 4, Pl. Reply 2.  *American Wrecking*, however, involved an EAJA request for attorney's fees for litigation stemming from violations of Occupational Safety and Health Administration regulations.  *Am. Wrecking*, 364 F.3d at 323.  It is hard to fathom how the number of hours that were reasonably expended in *American Wrecking* could have any bearing on the number of hours reasonably expended in appealing a denial of disability benefits from a final decision of the Social Security Administration.  Plaintiff cited *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 10 (2d Cir. 1986), for the proposition that "200 hours were reasonable."  Pl. Mem. 4, Pl. Reply 2.  However, in *Aston*, the Second Circuit held that the district court had not abused its discretion in awarding fees for 200 hours of work, not that 200 hours of work was reasonable under the circumstances.  *Aston*, 808 F.2d at 10.  Plaintiff also cited *Garcia v. Bowen*, 702 F.Supp. 409, 411 (S.D.N.Y. 1988), in which the court awarded 156 hours, noting both the "superior quality of counsel's work product" and the sensitive nature of the case, and also noting that more than half of the hours were expended by a summer associate or a paralegal.  Plaintiff has failed to show how the attorney's fees awarded in *Aston*, *Garcia*, or any of the other cases to which she cited,[1] have any bearing on the reasonableness of the fees requested in this particular case.

Ultimately, Plaintiff has not established that the number of hours expended by her counsel in this case was reasonable.  This Court is accorded "substantial discretion in fixing the

---

[1] In support of her argument, Plaintiff also cited *Jenkins v. Colvin*, No. 7:12-cv-351-BO, 2014 WL 2581058 (E.D.N.C. June 9, 2014), and *Stamper v. Colvin*, No. 2:12-cv-0192AC, 2013 WL 6839691 (E.D. Ca. Dec. 23, 2013), in which attorney's fees were awarded in social security cases for 48 and 51 hours of work, respectively.  Plaintiff has not indicated how the factual and legal issues in those cases relate to the factual and legal issues in this case, such that the reasonable amount of time expended in furtherance of those cases is relevant to the reasonable amount of time expended in this case.

amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 163 (1990)). Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours. *See, e.g., Faircloth v. Colvin*, 2:13cv156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil Case No. 2:09cv29, 2012 WL 3155624, at * 5 (W.D.N.C. Aug. 2, 2012). Thus, I conclude that, in light of the relative brevity of the record in this case and the lack of any indication that it was legally or factually more complex than the typical Social Security case, an award of attorney's fees for 25 hours of work is reasonable.

## III.    REASONABLENESS OF RATE REQUESTED

Under the EAJA, attorney's fees are capped at $125.00/hour, but courts are permitted to adjust the rate to compensate for an increase in cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). Defendant argued, and Plaintiff conceded, that a fee of approximately $190.00 per hour is reasonable. I agree, and EAJA fees will be awarded to Plaintiff's counsel at a rate of $190.00 per hour for 25 hours, for a total of $4,750.00. Notably, an award of $4,750.00 leaves this case well above the heartland of recent attorney's fees awarded by this Court for successful Social Security appeals in the same procedural posture. *See Sinnott v. Colvin*, Civil No. SAG-14-977 (awarding $3,801.75 on January 23, 2015); *Henderson v. Colvin*, Civil No. SAG-14-1297 (awarding $2,255.00 on January 13, 2015); *Gamble v. Colvin*, Civil No. SAG-14-1418 (awarding $1,470.00 on January 13, 2015); *Hicks v. Colvin*, Civil No. SAG-14-43 (awarding $3,649.62 on January 6, 2015); *Rose v. Colvin*, Civil No. SAG-14-963 (awarding $1,639.94 on January 5, 2015); *Coggins v. Colvin*, Civil No. SAG-14-405 (awarding $3,600.00 on January 5, 2015); *Jones v. Colvin*, Civil No. SAG-14-608 (awarding $1365.00 on January 5, 2015).

**CONCLUSION**

Based on the foregoing, the Court GRANTS in part and DENIES in part Ms. Roth's

Motion for an Attorney's Fee Under the Equal Access to Justice Act. A separate order follows.


Dated:  February 10, 2015                              _____/s/_____

                                                       Stephanie A. Gallagher
                                                       United States Magistrate Judge